[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff served his complaint upon the defendant on February 3, 1997. In said complaint, the plaintiff alleged that it provided insurance coverage to the defendant at the defendant's request for the period January 23, 1994 to January 23, 1995 and that the defendant, having received the benefits of coverage, was indebted to the plaintiff in the amount of $7,109.00. CT Page 16688
Coverages were admitted by the defendant and the matter was heard at trial wherein the plaintiff presented evidence that its claims are based upon retrospective risk assessment and reassessment of premiums by virtue of experience and audit. This program and process of adjusting premiums by audit had been carried on for several years with the defendant.
During the prior years the general agent for the plaintiff, whose agency an authority as stipulated by the parties, had adjusted the defendant's premiums during the course of the premium year to the extent that it avoided assessments as a result of year-end audits of the defendant's accounts. The claims fall into three general categories: to wit, Worker's Compensation with a claimed premium now due of $1,636.00; general liability with a claimed premium still due of $5,449.00 and business auto insurance with a claimed premium due of $24.00, for a total of $7,109.00.
The court concludes from the evidence that the plaintiff has established in the matter of book debt and his quantim meruit claims that these premiums are due.
The defendant claims by virtue of cross complaint unfair business practices and had failure to deal in good faith. The court finds that the reason that the premiums have accrued and become payable in this particular premium year is that the general agent, Mr. Spignasi, has suffered from severely deteriorating health and was not at all active in the servicing of this account through the premium year in question. This has resulted in no time to time adjustments being made during a premium year wherein the charges for additional premiums could be absorbed by the defendant, as the evidence establishes that they had been in past premium years. Thus, the result from the defendant's standpoint is that he is now faced with the surcharges based upon year-end audit of additional premiums which he has not faced in prior years.
During the prior years, there was no question but that there were additions to the original premiums paid by the defendant to the plaintiff for these very same coverages, except that the payment of them was spread periodically throughout the year and they were absorbed more slowly by the defendant rather than, as in this particular year, his being billed for them at the end.
The court finds no basis in the evidence for affording relief CT Page 16689 to the defendant under his counterclaim of good faith and fair dealing and finds that the premiums claimed by the plaintiff are in fact due and payable.
Similar reasoning would apply to the special defenses of waiver and estoppel as pleaded by the defendant, and the court finds no basis in the evidence to apply these doctrines to bar recovery by the plaintiff.
With respect to the special defense of the statute of limitations, the court finds that in fact the premium period from January 23, 1994 through the date of service of the writ of February 3, 1997 may in fact be time barred by the statute of limitations as to the period January 23, 1994 to February 3, 1994. However, the defendant, in support of this special defense, has presented no evidence as to the amount of the premiums that would have accrued during that 10 day period and, thus, the court finds the defense, while partially appropriate, is equitably ineffective in this particular factual situation for the failure of the defendant to provide the court with a factual basis to apply the statute; and the doctrine of de minimus non curat lex is applied thereto.
Judgment may enter for the plaintiff to recover of the defendant $7,109.00.
It is so ordered.
HIGGINS, J.